DECISION
Before the Court is the Plaintiff's Motion for a Preliminary Injunction and the Defendant's objection thereto. Plaintiff filed the instant action seeking to enjoin the Defendant's current use of their land asserting that it constitutes a violation of the Burrillville Town Zoning Ordinance.
 I Facts Travel
The facts giving rise to this dispute involve Defendants' use of property located at 1738 Tarkiln Road in Harrisville, Rhode Island within the Town of Burrillville. The land is owned by Defendant Linda Green and is the primary residence of both Defendants. The action first arose as a result of a former abutting neighbor's complaint. Specifically at issue was the storage of machinery and equipment, as well as the business operations conducted from the property, which is zoned as residential. The property in question is located in an F-5 Farming/Residential zoning district and is situated in both A-80 and A-100 Aquifer zones. (Compl. ¶ 6; Plaintiff's Post Hr'g Memo. in Supportof Motion for Preliminary Injunction at 2.) *Page 2 
At the inception of this lawsuit, Defendant Kevin Blais ("Blais") was a candidate for the Town Council of the Town of Burrillville, to which he was duly elected in December 2006. Blais is also the sole proprietor of Performance Engineering, which is an unincorporated business engaged in "landscape construction." Both the yellow pages and the internet listings found for Performance Engineering identify the Tarkiln Road address as its business address. In conjunction with the landscaping construction Blais does for Performance Engineering, the company also maintains snow removal contracts with the City of Providence School Department, and has performed excavation services in connection with swimming pool installations.
The equipment currently stored on Tarkiln Road includes: a bull dozer, a skidder, an excavator, a sander, a snow plow, a hydro-seeder, an asphalt powerbox, a conveyor screener, an asphalt roller, a power rake, and a back hoe attachment. (See Compl. ¶ 7.) Joseph Raymond, the building and zoning official for the Town of Burrillville, has reviewed the situation herein and issued a Notice of Violation indicating that the property is in an F-5 Farming/Residential district and is currently in violation of the Town Zoning Ordinance. (See Compl. ¶ 8, 9.)
Pursuant to G.L. 1956 § 45-24-60, Plaintiff, the Town of Burrillville ("Burrillville"), now moves this Court for preliminary injunctive relief.
 II Standard of Review — Preliminary Injunction
The criterion upon which this Court should determine a motion for preliminary injunction is well-settled in this jurisdiction. "The moving party . . . must demonstrate that it stands to suffer some irreparable harm that is presently threatened or imminent and *Page 3 
for which no adequate legal remedy exists to restore that plaintiff to its rightful position." The Fund for Cmty. Progress v. United Way ofSoutheastern New England, 695 A.2d 517, 521 (R.I. 1997) (citations omitted). In addition, the moving party "must show that it has a reasonable likelihood of [success] on the merits of its claim at trial."Id. As the Fund for Cmty. Progress Court pointed out, a certainty of success is not required, rather; only a prima facie case need be shown.Id.
Once the above-mentioned initial requirements are met by the moving party, the court must then "consider the equities of the case by examining the hardship to the moving party if the injunction is denied, and the hardship to the opposing party is the injunction is granted an the public interest in denying or granting the requested relief."Id.
 III Analysis
Burrillville moves for a preliminary injunction pursuant to Rule 65 of the Superior Court Rules of Civil Procedure. Burrillville maintains that there is a substantial likelihood of success on the merits, that it will suffer irreparable harm, and that a balancing of the parties' interests favors the Town in the instant matter. Defendants assert that the current use of their land does not conflict with the applicable zoning restrictions and that, therefore, the Plaintiff will not succeed on the merits of its claim.
As outlined above, Rule 65 confers upon this Court the power to issue a preliminary injunction when the moving party shows that "immediate and irreparable injury, loss or damage will result to the applicant." Super. R. Civ. P. 65(a). To prevail on its motion for a preliminary injunction, Burrillville "must demonstrate that it stands to *Page 4 
suffer some irreparable harm that is presently threatened or imminent and for which no adequate legal remedy exists to restore that plaintiff to its rightful position." Fund for Cmty. Progress, 695 A.2d at 521
(R.I. 1997). Burrillville must also show that it has a reasonable likelihood of succeeding on the merits of its claim at trial. Burillville need not show a certainty of success; rather it must only make out a prima facie case. If Burrillville can show both of these factors exist, this Court will then balance "the equities of the case by examining the hardship to the moving party if the injunction is denied, the hardship to the opposing party if the injunction is granted, and the public interest in denying or granting the requested relief."Id. at 521.
Success on the Merits
To show a reasonable likelihood of success on the merits of its claim, at trial the Plaintiff must make out a prima facie case that the present use of Defendant's land is in violation of the applicable zoning ordinance. Plaintiff argues here that the Defendants' use of the Tarkiln Road property as storage for numerous pieces of industrial equipment is well beyond the bounds of the purposes for which F-5 property may be used. As F-5 property under the Town of Burrillville Zoning Ordinance the land is "intended to preserve the town's rural heritage and landscape by providing large, broad lots on which the raising of animals and crops may be done with minimal impact on neighboring properties."Town of Burrillville Zoning Ordinance, Art. III § 30-31, (2). With this purpose in mind, the ordinance specifically prohibits the "open lot storage of new building material and machinery." Id. at § 30-71, Table 1.
While certain restricted uses are subject to possible allowance upon the grant of a special use permit, this particular type of storage is not. Id. This prohibition is made *Page 5 
clear in Art. III, which states: "[i]n any residence or farming district, the parking or storage of commercial vehicles of 1.5 tons capacity or greater and commercial or house trailers [shall] not be permitted except where such parking [or] storage is directly related to and is accessory to a permitted use or legal nonconforming use." Art III. at § 30-156(a)(3)(d). Neither exception is satisfied by the facts at hand.
In addition to restrictions placed on land located in F-5 districts, the property at Tarkiln Road is subjected to even greater restrictions as it is located in an Aquifer zone. "Land located in an aquifer zone shall have uses that are more restricted than the normal use described in Article III." Id. at Art. VI § 30-201. This section of the Zoning Ordinance prohibits "all uses not specifically permitted in the Aquifer zones and wellhead protection areas. . . ." Id. at § 30-202. Aquifer zoning is intended to "protect the water resources of the Town of Burrillville . . . and to otherwise protect the health, safety and general welfare of the public." Id. at § 30-202 The property at 1738 Tarkiln Road is in an A-80 and A-100 Aquifer zone and is subject to these harsher restrictions.
While the Defendants, in their objection to Plaintiff's Motion for Preliminary Injunction, assert that the "vehicles stored on the property . . . are used for agricultural purposes . . . allowed in an F-5 zone" the evidence shows that the existing machines exceed this description. Although Defendant Blais states in his affidavit that "[o]ne of the services Performance Engineering offers is hydro-seeding and tree replacement and installation," it is clear that not all of the business is agricultural in nature. (Blais Aff. ¶ 3). The litany of machinery, in addition to the hydro-seeder, cannot be ignored, it is clear to this Court that the scope of Perfomance Engineering's business well exceeds the bounds of agricultural use. *Page 6 
Having shown a prima facie case that Defendants' use of the land located at 1738 Tarkiln Road is in violation of the permitted use for F-5, A-80, and A-100 districts, the Plaintiff has shown a likelihood of success on the merits of their claim.
Irreparable Harm and Inadequate Remedy at Law
The Plaintiff herein has presented evidence to demonstrate that it, along with the members of the Burrillville community, will in fact suffer an irreparable harm if this preliminary injunction is not granted. As stated above, "the moving party must demonstrate that rights in question will be irreparably injured or endangered if the injunction is not issued." Sch. Comm. of City of Pawtucket v. Pawtucket Teachers'Alliance Local No. 930, 365 A.2d 499, 501 (R.I. 1976). The Plaintiff asserts in its memoranda that the irreparable harm to be suffered is the "absence of the orderly regulation of land use within the town for the benefit of all." (Plaintiff's Memo. at 13.) Additionally, the Plaintiff points out that the enforcement of the Burrillville Zoning Ordinance is the means by which the Town maintains such orderly use in accordance with its laws in the interest of public health, safety, and welfare. (Plaintiff's Memo. at 12.) This need is amplified when the land in question falls within the Aquifer Districts as defined by the Town of Burrillville Zoning Ordinance to ensure the purity of the town's water resources.
For the above stated reasons, Plaintiff seeks to enjoin the Defendants' current use of their property as a storage location for their numerous pieces of industrial equipment that falls beyond the bounds of the appropriate use of property in the F-5, A-80, and A-100 zones. In response, Defendants merely assert that their use is in conformance with *Page 7 
the ordinance and is purely agricultural in nature. The weight of the evidence, however, suggests otherwise.
The Court is cognizant of the need to maintain the orderly use of the land in accordance with the Town of Burrillville Zoning Ordinance, as well as the need to adequately protect the town's water resources. The Defendants herein wish to wholly ignore the Zoning Ordinance and circumvent its purposes despite the Notice of Violation issued on August 10, 2006 by Joseph Raymond as Building Official. (Plaintiff's Memo. Ex. 4, Notice of Violation.) The order to cease and desist storage of the industrial equipment has been ignored by the Defendants causing the town to seek this injunctive relief. Despite the town's order to "have the construction equipment and vehicles removed from [the property] within fourteen (14) days of the date of the [Notice of Violation]," the Defendants have made no effort to comply and relocate the machinery.Id. An inadequate remedy at law exists where the plaintiffs have established that the defendants "ignored the cease-and-desist order and appea[r] to admit that they would continue to ignore it." City ofWoonsocket et al. v. Forte Brothers, Inc. et al., 642 A.2d 1158, 1158
(R.I. 1994).
The increased protection of land located in Aquifer districts enhances the lens with which this Court must view an environmental harm herein. Irreparable harm will not be found where "there is no evidence in the record that suggests any environmental or other harm is threatened by the Defendants' use of the subject property." See Town of Burrillvillev. TA Consulting, L.L.C., et al., 2001 R.I. Super LEXIS 26, *6 (2001). In TA Consulting, the court found there was no irreparable harm shown where a private road was used for ingress and egress for trucking for industrial sand and gravel operations on *Page 8 
other properties." Id. at *3. The Court noted that the activity that had been ongoing a number of years had not proven to be environmentally or otherwise harmful. Id. at *6. Here, however, the harm is a constant presence, not occasional road travel. Moreover, the clear restriction of such industrialized storage on protected land is necessary to preserve not only the town's rural heritage and landscape, but also the quality and safety of its water resources as espoused in its Zoning Ordinance.
For these reasons, this Court finds that the Plaintiff has not only established that an irreparable harm will be suffered should the Court deny this Motion, but also that there exists no adequate remedy at law to address this harm.
Balance of the Equities
In determining a motion for preliminary injunction, the Court must also determine whether the balance of the equities tips in favor of the moving party. The Plaintiff primarily argues that "by the enactment and enforcement of the Burrillville Zoning Ordinance, the Town is protecting the public's interest in regulating land use in an orderly fashion for the benefit of the general public." (Plaintiff's Memo. at 13.) For the purposes of a motion for preliminary injunction, the hardship on the moving party in not granting the motion must outweigh the hardship to the opposing party if the motion is granted. The Fund for Cmty.Progress, 695 A.2d at 521.
A review of the facts and the record at hand demonstrates that a balance of the equities falls in favor of the Plaintiff in this matter. The Plaintiff, empowered and required to enforce its Zoning Ordinance, has provided this Court with sufficient evidence to establish a hardship and show the irreparable harm to be suffered by it, along with the community, to which it is ultimately responsible. In contrast, the Defendants, by *Page 9 
their own admission, have alternative storage options for the machinery readily available. Specifically, Defendant stated "[i]f it became necessary, I could put equipment on [property in Smithfield] if I ever needed." (Blais Dep. 59:15, Mar. 13, 2007). The property referred to is land owned by Blais' godparents under the name of Smithfield Peat Corporation. Id. Despite the available option, the Defendants have taken no action and show no intent to comply with the Notice of Violation. Moreover, Defendants have not asserted that a hardship will be suffered should this Court grant this Motion for Preliminary Injunction.
A balance of the equities in the instant matter clearly tips in favor of the Plaintiff. The hardship to the Plaintiff, if the injunction is denied, is clear as is evidenced by the record. The hardship to the opposing party, if the injunction is granted, appears to be limited to a mere inconvenience. Finally, the public interest is best served in granting the requested relief.
 Conclusion
This Court finds that the Plaintiff has satisfied its burden for the granting of a Motion for Preliminary Injunction. For the reasons stated above, the Plaintiff's Motion for Preliminary Injunction is granted.
Prevailing counsel may present an order consistent herewith which shall be settled after due notice to counsel of record.